*Nathan Soule* v. *Richard S. Corning.* B. DAVIS NOXON, for complainant; M. T. REYNOLDS, for defendant. This

Compelling complainant to elect· was an application on the part of the defendant to compel the complainant to elect whether he would proceed in this suit, or in a suit at law which had been commenced by the complainant in the name of another person and which was alledged to be for a part of the same subject matter for which this suit is brought. The defendant had demurred to the complainant's bill and the demurrer was still pending and undecided at the time the application to elect was made.

THE CHANCELLOR. The affidavit upon which this motion is founded states, that the suit at law is actually brought by the complainant in the name of Scroepel, as his assignee. I am therefore of opinion that the nominal plaintiff in the suit at law being a different person from the complainant here affords no sufficient reason for refusing an application to elect. The application however is premature, while the demurrer is undisposed of in this suit. The rule is stated in all the books of practice and in reported cases to be that the defendant is not entitled to an order to elect until he has fully answered the complainant's bill. In *Tillotson* v. *Ganson* (1 *Verm. Rep.* 103,) an order that the complainant should elect was discharged as irregular, because it was obtained before the defendant had answered. And in *Brown* v. *Poyntz* (3 *Mad. Rep.* 24,) Sir John Leach discharged an order to elect which had been obtained during the pending of exceptions to the defendant's answer for insufficency; on the ground that the complainant was entitled to a complete answer to enable him to decide in

which court it would be most advisable to prosecute his claim.

In the case of *Vaughan* v. *Welsh*, *(Mosel. Rep.* 210,) Lord King discharged an order to elect which had been obtained before the argument of the defendant's plea. And a similar decision was made by the same chancellor a few months afterwards, in an *anonymous* case where the defendant had pleaded in bar of the relief sought by the complainants bill. *(Idem*, 304.*)* In this last case his Lordship observed that the order to elect went upon the supposition that the complainant had an election to proceed in either court, and yet the defendant had pleaded matters to show he had no relief in equity. Therefore the complainant was not bound to make his election until that plea was argued. And in *Fisher* v. *Mec*, (3 *Mer. Rep.* 45,) Lord Eldon discharged an order to elect where the defendant had pleaded in bar to a part of the relief sought by the bill and answered as to the remainder, and the plea had not been disposed of by the court. For as was observed by Sir Samuel Romilly in that case the complainant could not except so as to obtain a full answer until the plea was disposed of; and the defendant could not call upon the complainant to elect until he had answered fully

The reasons for refusing an order to elect during the pendency of the question whether the matters of a plea are not sufficient to bar all relief whatever in this court so to leave no case for election unless the allegations in the plea are denied, apply still more strongly to the case of a demurrer to the whole bill. For as the order to elect proceeds upon the supposition that if the allegations in the complainant's bill are true he has a concurrent remedy in this court and in the suit at law, it is evident that he should not be called on to elect before answer, and while the defendant by his demurrer is insisting that he is not entitled to any relief in this court. If the demurrer should be allowed in this case, therefore, the bill will be dismissed and no motion to elect will be necessary.— And if the demurrer is overruled, or the complainant is allowed to amend, the defendant must put in a full and perfect answer before he can call upon the complainant to elect.

Motion denied with $10 costs.